546 P.2d 62

**Richard O. SUITTS and Kathryn W. Suitts, husband and wife, Plaintiffs-Respondents,**

**v.**

**W. E. McMURTREY and Pauline M. Mc-Murtrey, husband and wife, Defendants-Appellants.**

**No. 11794.**

Supreme Court of Idaho.

Feb. 19, 1976.

Robert F. McLaughlin, Mountain Home, for appellants.

Francis H. Hicks, Hicks & Kevan, Mountain Home, for respondents.

PER CURIAM.

This is an appeal from two cases consolidated for trial. Both causes of action are grounded upon a conveyance of real and personal property. Plaintiffs-respondents Richard O. Suitts and Kathryn W. Suitts and defendants-appellants W. E. McMurtrey and Pauline M. McMurtrey entered into a written contract whereby the McMurtreys agreed to sell and the Suitts agreed to buy certain farm land and personal property. Reserved from the real property conveyed by the contract was land upon which the McMurtreys' residence, another residence and outbuildings were located. The contract also granted the Suitts an easement for access across the property reserved to the McMurtreys. The contract provided that the appropriate documents would be placed in escrow and delivered to the Suitts upon payment of the purchase price.

The Suitts instituted this action alleging that the description in the contract of the property reserved to the McMurtreys contained a mistake and sought to reform the contract. The property reserved was described as follows:

"* * * SAVING, EXCEPTING AND RESERVING TO THE SELLERS THEREFROM the ten acres surrounding the residence house on said property and enclosed by the existing fence, described more particularly as follows:

The Southeast quarter of the Southwest Quarter of the Southwest Quarter (SE1/4SW1/4SW1/4), Section Fourteen, Township Three South, Range Six East, Boise Meridian."

The Suitts alleged that there was a mistake in the description in that the government survey description described more property than was enclosed by a fence and that the parties intended to reserve only the property enclosed by the fence (civil no. 3764). This was denied by the McMurtreys who sought by counterclaim, among other relief, to have the Suitts declared to be in default of the contract.

The Suitts filed another complaint in which they alleged the McMurtreys were interfering with the easement granted to the Suitts across the property reserved to the McMurtreys (civil no. 3804). The McMurtreys again denied the allegations and sought, by a counterclaim, to have the Suitts declared to be in default. The two cases were consolidated for trial.

Following a court trial, the district judge entered judgment reforming the property description so as to reserve only the property enclosed by a fence. Among other relief granted, the court ordered the McMurtreys to remove a portion of a tree obstructing the easement. The court ruled that the Suitts were not in material breach of the contract and dismissed with prejudice the McMurtreys' counterclaim.

The description of the property reserved contained a conflict; according to evidence presented, the property enclosed by the fence encompassed less acreage than the ten acres of the government survey description (SE1/4SW1/4SW1/4). The district court found "that it was the intent of the parties at the time the contract was made that the approximate acreage of ten acres as enclosed by the outer fence was to be excluded and reserved in the defendants". This finding was supported by the evidence and the district court did not err by reforming the contract to reflect the intention of the parties. See, *Collins v. Parkinson,* 96 Idaho 294, 527 P.2d 1252 (1974); Dobbs, Remedies, § 11.6 (1973).

At trial, the Suitts tendered the balance owed ($20,000) against the contract price ($80,000) and the McMurtreys refused the tender. Under these circumstances, the district court did not err by refusing to rescind the contract. See, Dobbs, Remedies, § 12.9 (1973).

However, the district court did err by ordering the McMurtreys to remove a portion of a tree which interfered with the Suitts' use of the easement. The McMurtreys, whose estate (the reserved property) was subservient to the easement held by the Suitts, do not have the duty to maintain the easement. *Kirk v. Schultz,* 63 Idaho 278, 119 P.2d 266 (1941). See, Thompson on Real Property, § 429, 430 (1961).

We have reviewed the other assignments of error and find them to be without merit. Judgment affirmed, except as to the order requiring the McMurtreys to remove a portion of a tree obstructing the easement, which is reversed. Cause remanded for proceedings in accordance with this opinion. No costs allowed.